1  Kevin R. Crisp (Bar No. 97504)
   Stephen J. Squillario (Bar No. 257781)
2  HAIGHT BROWN & BONESTEEL LLP
   71 Stevenson Street, 20th Floor
3  San Francisco, California 94105
   Telephone: 415.546.7500
4  Facsimile: 415.546.7505

5  Attorneys for Defendant
   Black & Decker (U.S.) Inc. (erroneously named and
6  served as Stanley Black & Decker, Inc.)

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10 GARDENSENSOR, INC., a Delaware          )  Case No.
   Corporation, formerly known as          )
11 PLANTSENSE, INC., a Delaware            )  CV 12
   Corporation,                            )
12                                         )  NOTICE OF REMOVAL OF CIVIL
                 Plaintiff,                )  ACTION
13                                         )
       vs.                                 )
14                                         )
   STANLEY BLACK & DECKER, INC., a         )
15 Delaware Corporation, formerly known as,)
   BLACK & DECKER (U.S.), INC., a          )
16 Maryland Corporation,                   )
                                           )
17               Defendant.                )
                                           )
18

19     PLEASE TAKE NOTICE that Defendant Black & Decker (U.S.) Inc. (erroneously

20 named and served as Stanley Black & Decker, Inc.) (hereinafter "Black & Decker"),

21 pursuant to 28 U.S.C. sections 1332, 1441 and 1446, hereby removes to this Court the

22 State action described below:

23     1.    Black & Decker is a defendant in a civil action filed by Plaintiff

24 Gardensensor, Inc., a Delaware Corporation, formerly known as PLANTSENSE, INC., a

25 Delaware Corporation, (hereinafter "Plaintiff") on or about June 21, 2012 in San Francisco

26 County Superior Court, Case No. CGC-12-521780, entitled *Gardensensor, Inc. v. Stanley*

27 *Black & Decker, Inc.* The Summons, Complaint, Civil Case Cover Sheet, and Notice of

28 Case Management Conference constitute all the pleadings, process, and orders served on

Black & Decker in the State action. A true and correct copy of all said pleadings, process, and orders is attached hereto as **Exhibit 1** and is incorporated herein as part of this Notice.

2. The Summons and Complaint were served on Black & Decker's registered agent on June 25, 2012. A true and correct copy of the Proof of Service is attached hereto as **Exhibit 2** and is incorporated herein as part of this Notice.

3. <u>Jurisdiction</u>: This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by Black & Decker pursuant to the provisions of 28 U.S.C. sections 1441(a) in so far as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the matter is between citizens of different states.

4. Black & Decker is a foreign corporation incorporated under the laws of the State of Maryland and has its principal place of business in Maryland. Attached hereto as **Exhibit 3** is a true and correct copy of the Entity Detail for Black & Decker, as of July 24, 2012, from the Maryland Department of Assessments and Taxation's Web site (http://dat.state.md.us/) and is incorporated herein as part of this Notice.

5. The two contracts referenced in the Complaint and at issue herein – the EasyBloom Agreement and the Services Agreement – were executed by "Black & Decker (U.S.) Inc., a Maryland corporation," and "PlantSense, Inc., a Delaware corporation." Likewise, the October 1, 2010 Amendment to EasyBloom Agreement was also executed by "Black & Decker (U.S.) Inc., a Maryland corporation." A true and correct copy of said documents is attached hereto as **Exhibit 4** and is incorporated herein as part of this Notice.

6. Herein, Plaintiff erroneously sued Stanley Black & Decker, Inc., of which Black & Decker is an indirect wholly-owned subsidiary, and which should be disregarded for the purposes of diversity. (*See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).) On July 12, 2012, via letter attaching Black & Decker's Entity Detail from the California Secretary of State Web site (http://www.sos.ca.gov/), counsel for Black & Decker advised Plaintiff's counsel of this mistake. A true and correct copy of said letter is attached hereto as **Exhibit 5** and is incorporated herein as part of this Notice. In response the next day, via

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

SW05-0000352
3963130.1

2
NOTICE OF REMOVAL OF CIVIL ACTION

telephone, Plaintiff's counsel advised Black & Decker to appear instead of Stanley Black & Decker, Inc. Therefore, Black & Decker should be substituted for Stanley Black & Decker, Inc. as the proper defendant in this lawsuit. (*See, e.g., Espinola v. Husmann Corp.*, 2010 U.S. Dist. LEXIS 89409 (E.D. Mo. 2010); *Sprint Spectrum L.P. v. AT&T Communs., Inc.*, 2001 U.S. Dist. LEXIS 25620 (W.D. Mo. 2001).)

7. Plaintiff, which was allegedly formerly known as "PlantSense, Inc.," is allegedly a corporation incorporated under the laws of Delaware with its principal place of business in California. (*See* Complaint.)

8. <u>Intradistrict Assignment</u>: This action arises out of a dispute wherein the Plaintiff has alleged claims for (1) fraudulent inducement; (2) breach of contract; (3) breach of fiduciary duties; and (4) breach of good faith and fair dealing. Plaintiff's principal executive offices are allegedly located in San Francisco. (*See* Complaint ¶5.) As such, this action should be assigned to the San Francisco Division of the United States District Court for the Northern District of California.

9. Upon information and belief, the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Conveniently, Plaintiff fails to specify the amount of damages for an alleged fraudulent inducement and subsequent breach of contract, for which it seeks actual, consequential, and punitive damages, as well as costs and fees. Notably, while checking the box for "Amount demanded exceeds $25,000.00" on the Civil Case Cover Sheet, Plaintiff does <u>not</u> state in the Complaint that the amount in controversy is less than the jurisdictional amount of $75,000.00 in 28 U.S.C. section 1332(a).

10. However, Plaintiff specifically alleges that Black & Decker agreed to spend at least $350,000.00 in marketing placement funds (*see* Complaint ¶23), agreed to make an initial Royalty Payment to Plaintiff in the amount of $250,000.00 (*see id.* at ¶24), and agreed to sell at least 300,000 units before December 31, 2011 and/or to pay Plaintiff the difference between the actual Royalty Payments (defined as 10% of the net sale price, or the invoice price to customer less 6.5%) paid as of December 31, 2011 and 3 times the amount of Royalty Payments Black & Decker would have paid to Plaintiff if it had sold

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

SW05-0000352
3963130.1

3
NOTICE OF REMOVAL OF CIVIL ACTION

1  300,000 units (*see id.* at ¶¶24-25). Plaintiff prepared the August 24, 2010 press release
2  referenced in the Complaint (*see id.* at ¶30), in which it represented that the product would
3  retail for $49.99. A true and correct copy of the August 24, 2010 press release is attached
4  hereto as **Exhibit 6** and is incorporated herein as part of this Notice. Therefore, the alleged
5  Royalty Payments owed to Plaintiff for the 300,000 units would have equaled over $1.4
6  million (i.e., $49.99 x 0.935% x 0.10% x 300,000 units).

7      11. Plaintiff further alleges that Black & Decker never spent the $350,000.00 in
8  marketing placement funds (*see* Complaint ¶25) and failed to make timely Royalty
9  Payments (*see id.* at ¶40). Finally, Plaintiff claims that Black & Decker's alleged breaches
10 of the EasyBloom Agreement "led to the destruction of [Plaintiff's] business," as
11 Plaintiff's company has become insolvent. (*See id.* at ¶¶43, 67, 72.) Accordingly, there is
12 a reasonable probability that the matter in controversy exceeds $75,000.00.

13     12. Based on the foregoing, this Court has jurisdiction over this matter pursuant
14 to 28 U.S.C. section 1332(a). Therefore, Black & Decker seeks removal of this action
15 based on diversity jurisdiction pursuant to 28 U.S.C. section 1441(a).

16     13. A Notice of Removal shall be filed contemporaneously in San Francisco
17 County Superior Court. A true and correct copy of the Notice of Removal to the Clerk of
18 the San Francisco County Superior Court (minus the exhibit thereto, which is the instant
19 Notice and its exhibits) and proof of service evidencing service upon Plaintiff's counsel of
20 record is attached hereto as **Exhibit 7**.

22 Dated: July 25, 2012                  HAIGHT BROWN & BONESTEEL LLP

By: _____
Kevin R. Crisp
Stephen J. Squillario
Attorneys for Defendant
Black & Decker (U.S.) Inc.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

SW05-0000352
3963130.1

4
NOTICE OF REMOVAL OF CIVIL ACTION