share dominance in the sales of small appliances, lawn & garden tools, power tools and other consumer products.

60. Plaintiff, in reliance on Defendant's claims and promises, entered into an exclusive joint venture or partnership with Defendant with the expectation that Defendant would use its reasonable and best efforts to commercialize Plaintiff's EasyBloom Plant Sensor.

61. In exchange for entrusting Defendant to develop and commercially exploit its invention, Plaintiff was to receive royalty payments and income from revenues acquired through the partners' co-branded website.

62. The parties further agreed to develop and commercialize additional products utilizing PlantSense's sensor technology for the mutual benefit of Plaintiff and Defendant.

63. The parties' cooperative undertaking and the terms of the EasyBloom Agreement formed a fiduciary relationship between B&D and PlantSense. As such, Defendant owed Plaintiff certain fiduciaries duties, including but not limited to, the duties of care, good faith and loyalty.

64. Despite having accepted the trust and confidence bestowed by Plaintiff, Defendant breached the fiduciary duties it owed to Plaintiff in each of the following particulars:

    a. By failing to reasonably oversee the manufacturing process and test finished units to prevent or minimize the mass failures seen during the initial production of the rebranded SBD product;

    b. By failing to use its reasonable and best efforts to commercialize and make sales of the rebranded SBD Product;

    c. By failing to provide reasonable merchandising support to ensure proper product placement with Defendant's retail partners;

    d. By failing to provide reasonable marketing support to place the rebranded SBD product for retail sale with Defendant's retail partners;

    e. By failing to exercise reasonable care and skill in providing first- and second-tier customer support;

  f. By threatening to and then consciously refusing to continue marketing the rebranded SBD product when PlantSense declined to execute an extension of the EasyBloom Agreement.

65. As a direct and proximate result of Defendant's breach of its fiduciary obligations, Plaintiff has been denied the fruits of its Agreements with Defendant and Plaintiff's company has become insolvent.

66. Plaintiff is therefore entitled to recover actual and consequential damages from Defendant in an amount to be proven at trial.

67. Defendant's conduct was willful, malicious, fraudulent, oppressive and/or recklessly committed, with wanton disregard for Plaintiff's rights, justifying an award of punitive damages from Defendant to deter similar wrongful conduct in the future.

## VII. COUNT FOUR
## (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING)

68. Plaintiff hereby realleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 67 above.

69. Defendant was bound by the duty of good faith and fair dealing when performing its obligations under the contracts at issue in this lawsuit.

70. Defendant was vested with discretion in implementing certain terms under the EasyBloom Agreement. Defendant consciously, intentionally and recklessly refused to perform or unreasonably performed its obligations thereunder.

71. Defendant breached the duty of good faith and fair dealing and acted in bad faith in each of the following particulars:

  a. By failing to reasonably oversee the manufacturing process and test finished units to prevent or minimize the mass failures seen during the initial production of the rebranded SBD product;

  b. By failing to use its reasonable and best efforts to commercialize and make sales of the rebranded SBD Product;

      c. By failing to provide reasonable merchandising support to ensure proper product placement with Defendant's retail partners;

      d. By failing to provide reasonable marketing support to place the rebranded SBD product for retail sale with Defendant's retail partners;

      e. By failing to exercise reasonable care and skill in providing first- and second-tier customer support;

      f. By threatening to and then consciously refusing to continue marketing the rebranded SBD product when PlantSense declined to execute an extension of the EasyBloom Agreement.

72. As a direct and proximate result of Defendant's bad faith, Plaintiff has been denied the fruits of its Agreements with Defendant and Plaintiff's company has become insolvent.

73. Plaintiff is therefore entitled to recover both actual and consequential damages from Defendant in an amount to be proven at trial.

74. Defendant's conduct was willful, malicious, fraudulent, oppressive and/or recklessly committed, with wanton disregard for Plaintiff's rights, justifying an award of punitive damages from Defendant to deter similar wrongful conduct in the future.

//
//
//
//
//
//
//
//
//
//
//
//

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. A judgment in its favor and against Defendant for actual and consequential damages according to proof;

2. For punitive damages against Defendant;

3. For costs and fees incurred as a result of this action, including attorney fees;

4. For prejudgment interest; and

5. For other and further relief as this Court deems just and proper.

This 21st day of June, 2012.

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP

By: _____
Christopher J. McNamara

Attorneys for Plaintiff
GARDENSENSOR, INC., Formerly Known As
PLANTSENSOR, INC.

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Christopher J. McNamara, Esq. (SBN 209205)
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
TELEPHONE NO: (415) 421-6140  FAX NO: (415) 398-5030
ATTORNEY FOR (Name): Plaintiff - GardenSensor, Inc.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94111
BRANCH NAME: Civic Center Courthouse

**CASE NAME:** GardenSensor, Inc. v. Stanley Black & Decker, Inc.

FOR COURT USE ONLY
FILED
San Francisco County Superior Court
JUN 21 2012
CLERK OF THE COURT
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: CGC-12-521780<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case.

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [✓] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): Four - (1) Fraudulent Inducement, (2) Breach of Contract, (3) Breach of Fiduciary Duties, (4) Breach of the Duty of Good Faith
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 21, 2012

Christopher J. McNamara
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov


FAXED

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   Page 2 of 2

CASE NUMBER: CGC-12-521780 GARDENSENSOR, INC. A DELAWARE CORPORATION, FOF

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

        **DATE:**    NOV-21-2012

        **TIME:**    2:00PM

        **PLACE:**  Department 610
                         400 McAllister Street
                         San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges