UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GARDENSENSOR, INC., <br><br>    Plaintiff, <br><br>   v. <br><br> BLACK & DECKER (U.S.), INC., <br><br>    Defendant. | Case No. 12-cv-03922 NC <br><br> **TENTATIVE RULING ON MOTIONS IN LIMINE** <br><br> ECF 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 134 |

In preparation for the pretrial conference, the Court issues tentative rulings on the trial motions in limine. The Court will consider argument on these motions at the pretrial conference.

1. B&D motion 1, ECF 123/130, to exclude plaintiff's comparisons to success and performance of Silicon Valley businesses: DEFER until trial. The Court needs the context of trial to address this motion.

2. B&D motion 2, ECF 124, to exclude evidence that B&D refused to market product because plaintiff did not extend EasyBloom agreement: DEFER until trial. The Court needs the context of trial to address this motion.

3. B&D motion 3, ECF 125, to exclude expert Glenn Sheets' testimony, as unreliable under *Daubert*: DENY. The Court finds the criticism of Sheets' testimony goes to the weight, rather than to the admissibility. B&D will have an opportunity to challenge

Case No. 12-cv-03922 NC
MOTIONS IN LIMINE

Sheets and to present contrary evidence.

4. B&D motion 4, ECF 126, to exclude Flower Power Sensor 2013 worldwide sales data: DEFER until trial.  The Court needs the context of trial to address this motion.

5. B&D motion 5, ECF 127, to exclude evidence that B&D failed to meet marketing support obligations by revising its budget: DEFER until trial.  The Court needs the context of trial to address this motion.

6. B&D motion 6, ECF 128, to exclude evidence that AsteelFlash acted as B&D's agent: GRANT, as Gardensensor concedes it is not intending to make such an argument and the Court finds that the evidence would be irrelevant.

7. B&D motion 7, ECF 129, to exclude evidence of B&D's recall of unrelated products: GRANTED in part.  The fact that B&D has recalled other products is irrelevant by itself.  But Gardensensor may introduce evidence of other B&D recalls in the context of comparing the marketing efforts and expenditures in those recalls to the product in this case.

8. Gardensensor motion 1, ECF 131, to exclude B&D's theory of antecedent breach and interference: DENY.

9. Gardensensor motion 2, ECF 132, to exclude evidence of revenue from B&D "new" products: DENY.

10. Gardensensor motion 3, ECF 134, to exclude B&D's expert reports and testimony for experts Larry Londre, Karl Ehlert, and Samuel Phillips, under *Daubert*: DENY.  The Court finds the criticism of this testimony goes to the weight, rather than to the admissibility.  Gardensensor will have an opportunity to challenge the testimony and to present contrary evidence.

IT IS SO ORDERED.

Date: October 13, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-03922NC
MOTIONS IN LIMINE                             2