Jason S. Takenouchi (CA Bar No. 234835)
jtakenouchi@kasowitz.com
Robyn King Richards (CA Bar No. 191335)
rking@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, California 94111
Telephone:   (415) 421-6140
Facsimile:     (415) 398-5030

Michael P. Bowen (*Admitted Pro Hac Vice*)
mbowen@kasowitz.com
Trevor J. Welch (*Admitted Pro Hac Vice*)
twelch@kasowitz.com
Olga Fuentes Skinner (*Admitted Pro Hac Vice*)
ofuentes@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile:    (212) 506-1800

Attorneys for Plaintiff
GARDENSENSOR, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDENSENSOR, INC., a Delaware Corporation, formerly known as PLANTSENSE, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>STANLEY BLACK & DECKER, INC., a Delaware Corporation, formerly known as, BLACK & DECKER (U.S.), INC., a Maryland Corporation,<br><br>    Defendant. | **Case No. C 12-03922 NC**<br><br>**JOINT STIPULATION AND [~~PROPOSED~~] ORDER REGARDING PRETRIAL AND TRIAL PROTOCOL**<br><br>**The Honorable Nathanael Cousins** |

Plaintiff GardenSensor, Inc. ("GardenSensor") and Defendant Black & Decker (U.S.), Inc., ("Black & Decker"), submit this Joint Stipulation and [Proposed] Order Regarding Pretrial and Trial Protocol.

Accordingly, GardenSensor and Black & Decker, collectively (the "Parties") hereby stipulate and agree as follows.

## **AUTHENTICITY OF DOCUMENTS**

1. The Parties will not object to the admissibility of any of the documents described below based on genuineness under Federal Rule of Civil Procedure 36, or authenticity under Federal Rule of Evidence 901:

   a. Documents identified by GardenSensor or Black & Decker as exhibits for trial in the Parties' pre-trial disclosures pursuant to Fed. R. Civ. P. 26(a)(3), subject to the reservation of their right to supplement, amend, or modify this list up to and through the time of trial; and

   b. Correspondence, e-mails, and their attachments that both (i) were produced in this litigation by either GardenSensor or Black & Decker, and (ii) purport to have been authored or created by any of them.

2. IT IS FURTHER STIPULATED AND AGREED, that this Stipulation:

   a. Shall not constitute or effect a waiver or limitation of the Parties' rights from any prior or future rulings in this matter, which rights are expressly reserved;

   b. Shall be subject to the Court's ruling on any motion *in limine*;

   c. Shall not constitute or effect a waiver or limitation of the Parties' rights to object to any testimony, argument, or demonstrative material (even if such testimony, argument or demonstrative material relates to or concerns the same or similar subject matter as any exhibit stipulated to herein as not objectionable based on genuineness or authenticity); and

   d. Shall not constitute or effect a waiver or limitation on the Parties' rights to object to any document on grounds other than foundation, genuineness, or authenticity.

## **TRIAL INFORMATION EXCHANGE PROTOCOL**

3. Every party that intends to call or calls a live witness to testify at trial shall provide written notice of the witness by 6 p.m. on the date two days before the witness may be called to testify; provided, however, as a witness may be called on a Monday, notice of that witness shall be provided by 6 p.m. of the preceding Friday.   However, Plaintiff shall give fair notice to Defendant in anticipation of resting their case in chief to allow Defendant to provide sufficient notice of witnesses.

4. Every party that intends to call or calls a witness by videotape or via written deposition designations shall provide written notice of the witness and proposed testimony designations by 6 p.m. on the date two days before the witness testimony may be introduced and any counter designations shall be served in writing by 6 p.m. on the date before the witness testimony may be introduced.

5. Copies of documents may be used at trial in lieu of originals and shall not be deemed inadmissible solely on the basis that they are copies.   Upon request, both parties shall make originals available to the other side, if available.

6. Both parties expect to use demonstrative exhibits, including graphic or audiovisual presentations, to illustrate arguments and witness testimony and to aid the Court and the jury's understanding of the same.   Both parties anticipate revising and improving such demonstratives until at least before trial.   Therefore, any such demonstrative material must be provided to the other party at least twenty-four hours before it is presented to the Court or jury, to give the other party time to evaluate it and raise any objections with the Court without interrupting the other party's case

7. Notice of a party's intended use of blow-ups (enlargements) of trial exhibits and of ballooning, excerption, or highlighting of such exhibits need not be given (and need not be exchanged as a demonstrative exhibit) so long as the party has identified its intention to use the trial exhibit according to the preceding paragraph.

8. Demonstratives shall not go to the jury unless admitted into evidence.

1    Nothing in this stipulation shall be deemed as a concession of admission by any

2    party with respect to any issue that is not expressly addressed under the terms of this

3    stipulation.    To the contrary, by entering into this stipulation and except as otherwise

4    provided herein, the parties reserve all of their rights, defenses, positions, and arguments in

5    the above-captioned action, including any appeals thereof.

6                                    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

7

8                          By:_____

9                                    Michael P. Bowen
                                    Trevor J. Welch
10                                   Olga Lucia Fuentes Skinner
                                    Robyn King Richards
11                                   Attorneys for Plaintiff
                                    GARDENSENSOR, INC.

12

13                          HAIGHT BROWN BONESTEEL

14                          By:_____

15

16   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

17

18

19   Dated: October__17__ 2014

20                                                                           GRANTED

21

22                                                                   Judge Nathanael M. Cousins

23

24

25

26

27

28

_____
                              3